FRASH v. GLENDY ET AL.

MORTGAGE OR TRUST DEED.—*Lien.*— *Conveyance of Real Estate.*—In 1854 and prior thereto, certain persons subscribed for stock in a certain railroad company and paid for the same by conveying real estate to the company. Afterward the railroad company, to secure the payment of certain bonds, conveyed said lands by deed of trust or mortgage to one D., as trustee. The mortgage first recited that the company had received, upon subscription to the capital stock, real estate of a certain value ; that said company proposed to make said real estate available in the construction of said road by a sale of its bonds, of the denomination of one thousand dollars each, with agreement of said company " to deed in fee-simple with warranty, to the holder of any of said bonds, when he may elect to receive the same, at any time within five years from the date hereof, one thousand dollars' worth " of said real estate, etc., upon the surrender of the bonds  Immediately following the grant and conveyance, and immediately preceding the *habendum* of said mortgage, it was provided that said real estate should be " subject to entry and to be conveyed to the purchaser by said company, discharged from this mortgage, at the office of said company," under its then existing by-laws, the proceeds of said entries and sales to be invested, with the advice and consent of the said trustee, in such manner as to constitute a sinking fund for the redemption of the bonds, etc.

*Held,* that under said proviso, the real estate covered by the mortgage, without any limitation as to time, was subject to entry and sale ; and, when thus entered, sold and conveyed by the company pursuant to said proviso, the purchaser and grantee of any such real estate took and held the same freed and discharged from the lien of the mortgage, although the bonds secured by said mortgage matured before the real estate was so entered and conveyed. .

From the Blackford Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*W. A. Bonham, J. Cantwell, H. Brownlee* and *J. Brownlee,* for appellee.

HOWK, C. J.—This was a suit by the appellant, against the appellees, to obtain a perpetual injunction. The appellees answered the appellant's complaint by a general denial thereof. The cause was tried by the court and a finding was made for the appellees ; and the appellant's motion for a new trial having been overruled, and his exception

saved to this ruling, the court rendered judgment dissolving the temporary injunction before that time granted in this case, and against the appellant, for the appellees' costs.

The only alleged error complained of by the appellant in this court is the overruling of his motion for a new trial.

In his complaint the appellant alleged, in substance, that in the year 1854, and prior thereto, certain persons subscribed for stock in the Fort Wayne and Southern Railroad Company, and paid for such stock by conveying real estate to said company, among which real estate was lot number 3, in block 2, in the town of Hartford City, in Blackford county, Indiana, then owned by the appellant; that afterward the said railroad company conveyed the said lands, by deed of trust or mortgage, to one John D. Defrees, as trustee, to secure the payment of certain bonds issued by said company, a copy of which mortgage was filed with and made part of said complaint; that it was provided in said mortgage, that any person desiring so to do might enter any of said lands at the office of said company, and that the moneys received by said company for such lands so purchased should, by the company, by and with the advice of said trustee, be invested in a suitable manner and become a sinking fund for the payment of said bonds, and that, when the said lands should be so sold, they should be wholly discharged from the lien of said mortgage; that the appellant, and those under whom he claimed title to the above described lot, did, in good faith, purchase the same by entry, as provided in said mortgage, and paid for the same to said company, and received a deed therefor; that, under said purchase, the appellant, and those under whom he had claimed, had since held an undisputed possession of said lot for more than twenty years since the date of said purchase, and they and he had made valuable and lasting improvements thereon; that after-

ward, at the ———— term, 1877, of the said Blackford Circuit Court, the appellee Glendy recovered a judgment of foreclosure of said mortgage as against said Defrees, trustee, etc., for one thousand dollars and the accrued interest thereon, with costs of suit, on one of the said bonds which said Glendy claimed to own and to be unpaid, which said judgment ordered and directed that the appellant's said lot should be sold to make said judgment and costs ; that neither the appellant nor those under whom he claimed were made parties to said foreclosure suit, nor had he or they any notice thereof; that the appellee Glendy had caused an execution to be issued on his said judgment and placed in the hands of his co-appellee, Saxon, sheriff of said county, who had levied the same on the appellant's said lot and had advertised the same for sale under said writ, to make said judgment and costs, and, if not restrained from so doing, the appellees would sell said lot for the purpose aforesaid ; and that, by such sale of said lot, the appellant would suffer irreparable loss and injury. Wherefore, etc.

The only causes for a new trial assigned by the appellant in his motion therefor were, that the finding of the court was not sustained by the evidence, and that it was contrary to law.

On the trial of the cause, the appellant gave in evidence the mortgage or deed of trust, executed by the Fort Wayne and Southern Railroad Company to John D. Defrees as trustee, on the 13th day of June, 1854, and recorded in the recorder's office of said Blackford county on the 24th day of June, 1854, and a deed dated on the 15th day of February, 1861, and duly executed and acknowledged by said railroad company, whereby the said company conveyed and warranted to one Newton A. Bass, in fee-simple, among other property, the said lot described in the appellant's complaint, which latter deed was recorded in said

recorders' office on the 22d day of January, 1862. In addition to this written evidence, the appellees admitted on the trial that the real estate described in the appellant's complaint "was conveyed by deed of warranty by Emily Bass, widow of said Newton A. Bass, who had before then died, and said Emily Bass had become the owner in fee of said lot by inheritance from said Newton A. Bass, to Stephen H. Devore, who, by like deed, conveyed the same to the plaintiff, John Frash, who holds and claims to own the same under and by virtue of said conveyances." The appellees introduced no evidence whatever on the trial, and the appellant gave no other evidence.

From this statement of the appellant's case, it will be readily seen, we think, that the question as to whether the court did or did not err in overruling his motion for a new trial, must depend for its proper decision upon the answer that must be given to another question, and that is, whether or not the court gave a right construction to the mortgage or deed of trust, and to the deed to Newton A. Bass given in evidence by the appellant. For if, by fair construction of these two written instruments, it can be correctly said that they afforded *prima facie* evidence that Newton A. Bass had thereby and thereunder acquired the legal title in fee-simple to the lot in controversy, free from the lien of said mortgage, then it must follow that the finding of the court ought to have been for the appellant, as prayed for in his complaint, and that the court erred in overruling his motion for a new trial. This view of the question, and we think it is the correct one, renders it necessary that we should examine and consider each of these two written instruments, to the end that we may arrive at the true legal import and effect thereof respectively ; and, in so doing, we will first consider those provisions of the mortgage or deed of trust, which have an apparent bearing on the question under consideration.

In this instrument it was first recited that the said railroad company had "received upon subscription to the capital stock of said company real estate of the value of three hundred thousand dollars ;" and, in a second recital, it was stated that said company proposed "to make said real estate available in the construction of said road by a sale of its bonds of the denomination of one thousand dollars each,"particularly describing such bonds, "with agreement" of said railroad company "to deed in fee-simple, with warranty, to the holder of any of said bonds, when he may elect to receive the same, at any time within five years from the date thereof, one thousand dollars' worth of the real estate," covered by said mortgage, "at such sale prices, not less than four-fifths of the appraised value, as may be fixed" by said railroad company, "from time to time, upon the surrender of said bonds and the unpaid interest warrants to the treasurer" of said company. After these two recitals, the said railroad company, "in order to secure the payment of said bonds and interest, and in consideration of the sum of one dollar, at the sealing and delivery" of said deed, "in hand paid" by said John D. Defrees, trustee did thereby "grant, bargain, sell, transfer and convey" to the said Defrees, trustee, and "his successors in the trust thereby created," all the said real estate covered by the said mortgage. Immediately following this grant and conveyance, and apparently as a material part thereof, and immediately preceding the *habendum* of said mortgage or deed of trust, the following proviso appeared therein, to wit :

"*Provided*, that said real estate, so subscribed to said company, shall be subject to entry and to be conveyed to the purchaser by said company, discharged from this mortgage, at the office of said company, under the now existing by-laws of the company ; the proceeds of said entries and sales of said lands shall be invested suitably and safely by

said company, with the advice and consent of said trustee, in such manner as to constitute a sinking fund for the redemption of said bonds; and, upon the payment of said bonds by said company, the said sinking fund shall revert to and become the property of said company."

Under this proviso, it seems to us to have been the intention, both of the mortgagor, the railroad company, and of the trustee, Defrees, as the representative of the holders of the bonds secured by said mortgage, that the real estate covered by said mortgage, at all times, and especially without any limitation as to time, should continue and remain subject to entry and sale by said company, at its office, under the then existing by-laws of said company; and that, when thus entered, sold and conveyed by said railroad company, the purchaser and grantee of any such real estate would take and hold the same entirely freed and discharged from the lien of said mortgage or deed of trust. From the brief of the appellant's counsel, in this case, it would seem that the learned judge who tried this cause in the circuit court had placed a different construction on the mortgage or deed of trust in evidence, from the one we have given. The court decided, as we are informed by counsel, that the limitation of five years, which, by its terms, was applicable only to the right of the bond-holder to take any of the mortgaged lands at four-fifths of the appraised value thereof, in lieu of any bond and unpaid interest warrants held by him, was applicable also, by fair construction, to the right of any one to enter and purchase, and of the railroad company to sell and convey, any of the said mortgaged lands at private sale, under the then existing by-laws of said company. It seems to us, however, that these two stipulations in the mortgage or deed of trust are, and were by the parties thereto intended to be, independent of each other, and were inserted therein for very different purposes. The apparent object of the

"agreement" stated in the recitals of the mortgage, to the effect that the bonds should be convertible into any of the mortgaged real estate, at four-fifths of the appraised value thereof, at any time within five years from their date, was to enhance their negotiable value and to enable the company to dispose of them without much loss or discount. But the end to be accomplished under the proviso above set out was to provide the means for the payment of the bonds at their maturity, by the private entry and sale of the mortgaged property at the office of the company. We can conceive of no good reason why such entry and sale of the mortgaged property should be confined within any specified time; and it is certain that the parties to the mortgage did not in terms, nor do we think they intended to, place any limitation as to time upon such entry and sale of said property.

The bonds secured by said mortgage matured on the 1st day of June, 1859, and on the 16th day of February, 1861, the Fort Wayne and Southern Railroad Company, by its warranty deed of that date, sold and conveyed in fee-simple to Newton A. Bass, among other property, the lot described in the appellant's complaint. It was recited in this deed, among other things, that the grantee therein, Newton A. Bass, "claims the right, under the now existing by-laws of said company and the provisions in the mortgage to John D. Defrees, to enter certain lands and lots described in his written application, now on file with the treasurer." This deed, thus made by said railroad company under and pursuant to the right expressly reserved in the proviso above set out in the mortgage or deed of trust, and agreed to by the trustee, Defrees, as the representative of the holders of the bonds secured therein, conveyed the said real estate to said Newton A. Bass, in fee-simple, freed and discharged from the lien of said mortgage or deed of trust. It seems

to us that the appellant's evidence and the appellees' admissions on the trial of this cause, in the absence of any conflicting or contradictory evidence, were sufficient to sustain the allegations of the appellant's complaint, and to entitle him to the relief prayed for therein.

For the reasons given, we are of the opinion that the court erred in overruling the appellant's motion for a new trial of this cause.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.